UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    SHONDREA L. TILLETT              )    Case No. 09-19285-SSM
                                          )    Chapter 7
                Debtor           )

**MEMORANDUM OPINION AND ORDER**

      Before the court is the debtor's motion to reopen her closed case in order to bring an action against Navy Federal Credit Union ("NFCU") for violation of the automatic stay by obtaining a default judgment and issuing garnishment process against the debtor's wages after the filing of the bankruptcy petition. A hearing was held on April 6, 2010, at which the debtor and NFCU—which filed an extensive written response, supported by affidavits, opposing the motion—appeared by counsel. It is undisputed that NFCU has dismissed the garnishment and has caused the default judgment to be vacated, and the narrow question is whether the debtor's failure to provide notice of the bankruptcy filing to NFCU at the address specified by § 342(c)(2), Bankruptcy Code, would preclude the imposition of a monetary penalty on NFCU and render the reopening of the case for the purpose of prosecuting an action for violation of the automatic stay futile.

<u>Background</u>

      Shondrea L. Tillett ("the debtor") filed a voluntary petition in this court on November 20, 2009, for relief under chapter 7 of the Bankruptcy Code and received a discharge on February 16, 2010. Among the creditors listed on her schedules was Navy Federal Credit Union, which

1

was shown as the holder of four separate unsecured claims in the aggregate amount of $73,534. The address shown for the first claim was P.O. Box 3503, Merrifield, Virginia, while the address for the remaining three claims was P.O. Box 3600, Merrifield, Virginia.[1] The statement of financial affairs reported that a suit against the debtor by NFCU was pending in the Prince William County Circuit Court, with the "Status or Disposition" being shown simply as "10/14/09." The notice of the commencement of case was mailed to NFCU at both post office box addresses listed in the schedules. Additionally, notice was mailed to "Busman, Marc A, Esq / Navy FCU" at the address for the law firm of Busman & Busman, P.C., which was representing NFCU in the Prince William County lawsuit. It appears undisputed that neither of the two addresses listed in the schedules for NFCU was the address shown for billing inquiries on the monthly account statements mailed to the debtor by NFCU, that address being P.O. Box 3501, Merrifield, Virginia. In any event, the trustee filed a report of no distribution, and, following the debtor's discharge and a hearing on a motion for relief from the automatic stay, the case was closed on February 22, 2010.

The present motion to reopen was filed the following day and alleges that NFCU obtained a judgment against the debtor in the Prince William County Circuit Court on December 4, 2009, in the amount of $44,619 and on January 25, 2010, served the debtor with a wage garnishment to enforce the judgment. She requests that her case be reopened so that she may seek contempt sanctions and damages, including punitive damages, against NFCU for violation of the automatic stay. NFCU's response admits that it obtained a default judgment against the debtor on December 4, 2009, and sued out a wage garnishment on January 22, 2010, but asserts

---

[1] It appears that debtor's counsel obtained these addresses from a credit report.

that it did so without actual knowledge of the bankruptcy filing[2] and contends that the first awareness it had of the bankruptcy case was the notice of discharge, which NFCU's attorney received by mail on or about February 22, 2010.[3] The response further asserts that upon receiving the discharge, the attorney notified NFCU that the pending garnishment would be dismissed "and that we will be closing our file on this case." The attorney then filed a praecipe with the state court on February 24, 2010, dismissing the garnishment, and also prepared, and mailed to the debtor's bankruptcy counsel for endorsement, an order vacating the judgment. That order—which was endorsed "SEEN AND AGREED" by debtor's bankruptcy counsel—recited, as grounds for vacating the judgment, "that neither Plaintiff nor Counsel for Plaintiff received any Notice of Bankruptcy or Suggestion of Bankruptcy whatsoever from the Defendant or her Counsel and was not made aware of the Bankruptcy until receipt of the Notice of Discharge." The order vacating the judgment was entered by the state court on March 12, 2010.

---

[2] This contention is supported by affidavits of all the attorneys and the two employees of the law firm who routinely open and process its mail, and by an affidavit from an NFCU employee, all of whom state that neither the law firm nor NFCU received the mailed notice of commencement of case.

[3] NFCU's response asserts, and the debtor does not deny, that the debtor did not file a suggestion of bankruptcy with the state court. Why this prophylactic step was not taken is a puzzle. Although the automatic stay is effective without notice, and thus there is no legal requirement to file a pleading in pending litigation in order to obtain the benefit of the stay, it is a nearly universal practice that helps avoid inadvertent violations of the automatic stay and certainly falls within the panoply of best practices, if only on the theory that an ounce of prevention is worth a pound of cure.

Discussion

A closed bankruptcy case may be reopened for, among other reasons, to accord relief to the debtor. § 350(b), Bankruptcy Code. Whether to reopen a closed case is discretionary with the court. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir. 1984). However, a case should not be reopened if doing so would be futile, because no relief would be afforded. *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995). Given the important function served by the automatic stay, a debtor's desire to prosecute a proceeding to redress a violation of the automatic stay would, if promptly brought after the debtor became aware of the violation, normally constitute a good reason for reopening the case.

The difficulty here is that the acts violating the stay—the obtaining of the judgment and the issuance of the garnishment—have been undone, and the only relief the court could potentially afford would be an award of damages, including punitive damages. § 362(k), Bankruptcy Code. Whether NFCU could be found, on the evidence, to have acted willfully, which is a necessary predicate for an award of damages under § 362(k), is an interesting question, and to the extent there might be a factual dispute concerning actual receipt of the notices, the court would be inclined to resolve that in the context of a proceeding to recover damages rather than in the context of the motion to reopen. But given the facts of the present case, it seems clear that monetary damages could not be adjudged against NFCU because § 342(g)(2) of the Bankruptcy Code prohibits a monetary penalty for violation of the automatic stay when a creditor was not given notice at the address the creditor had provided to the debtor as the proper address for notices.

Among the many changes to bankruptcy practice made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA") were enhancements to the notice requirements. Relevant to the present motion, § 315 of BAPCPA ("Giving Creditors Fair Notice in Chapters 7 and 13 Cases") amended § 342 of the Bankruptcy Code, by adding the following provision:

> If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor *and the address at which such creditor requests to receive correspondence*, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

§ 342(c)(2)(A), Bankruptcy Code (emphasis added).[4] The amendments further provide:

> Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) *shall not be effective notice* until such notice is *brought to the attention* of such creditor. If such creditor designates a person or an organizational subdivision of such creditor to be responsible for receiving notices under this title and establishes reasonable procedures so that such notices receivable by such creditor are to be delivered to such person or such subdivision, then a notice provided to such creditor other than in accordance with this section (excluding this subsection) shall not be considered to have been brought to the attention of such creditor until such notice is received by such person or such subdivision.

§ 342(g)(1), Bankruptcy Code (emphasis added). Finally, and most importantly:

> *A monetary penalty may not be imposed on a creditor for a violation of a stay* in effect under section 362 (a) (*including a monetary penalty imposed under section*

---

[4] Additionally, a creditor may file with any bankruptcy court a notice of address to be used in all bankruptcy courts or specified bankruptcy courts for notice in chapter 7 and chapter 13 cases. § 342(f)(1), Bankruptcy Code. When the creditor does so, the Bankruptcy Noticing Center will substitute the designated address for the address supplied by the debtor on the list of creditors ("mailing matrix"). Many institutional creditors have taken advantage of this provision, including, in this very case, Pentagon Federal Credit Union. Why NFCU has not done this is a mystery, since it would likely have avoided the present controversy, including the legal fees NFCU has presumably incurred in responding to the present motion.

5

>*362 (k)) . . .* unless the conduct that is the basis of such violation or of such failure occurs *after* such creditor receives notice effective under this section of the order for relief.

§ 342(g)(2), Bankruptcy Code (emphasis added).

Because in the present case there appears to be no dispute that the notice of commencement of case was not mailed to the address required by § 342(c)(2),[5] and because the debtor has not alleged that, notwithstanding such failure, the bankruptcy filing was "brought to the attention of" NFCU by being received by a person within NFCU "responsible for receiving [bankruptcy] notices" prior to the entry of the state court judgment and the issuance of the garnishment summons, a monetary penalty cannot be imposed for those acts. Of course, failure to be given notice at the address mandated by § 342(c)(2) does not excuse a creditor, once it has actual knowledge of a bankruptcy case, from the obligation of promptly correcting violations of the automatic stay that may have occurred prior to receiving effective notice, but NFCU has done that. Since there is no further relief that can be afforded, reopening the case would serve no purpose.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to reopen the case is denied.

---

[5] In an email to NFCU's attorney after the motion to reopen was filed, debtor's counsel took the position that an address for "Billing Inquiries" was not equivalent to an "address at which [NFCU] requests to receive correspondence" as specified in § 342(c)(2). The court cannot concur, and believes that, when a creditor gives two addresses, one for payments, and the other for "billing inquiries," the latter is reasonably understood to embrace all correspondence concerning the account. This would reasonably include bankruptcy notices, since the creditor, once receiving it, would be obliged to *stop* sending bills.

Case 09-19285-SSM    Doc 29    Filed 04/26/10    Entered 04/26/10 08:02:54    Desc Main
                          Document      Page 7 of 7

    2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____

                                                           Stephen S. Mitchell
Alexandria, Virginia                          United States Bankruptcy Judge

Copies:

Klinette H. Kindred, Esquire
Law Office of Robert Weed
311 N. Washington Street, 3rd Fl
Alexandria, VA 22314
Counsel for the debtor

Kevin S. Jaros, Esquire
Busman & Busman, P.C.
P. O. Box 7514
Fairfax Station, VA 22039
Counsel for Navy Federal Credit Union

Shondrea L. Tillett
2653 Helmsman Ln
Woodbridge, VA 22191
Debtor